UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID LILLY | Criminal No. 3:05cr64 (JBA)<br><br>August 1, 2014 |

**RULING FINDING VIOLATION OF SUPERVISED RELEASE**

On April 28, 2014, the Court held a hearing on the petition [Doc. # 56] alleging Defendant David Lilly's violation of the terms of his supervised release based on his guilty plea to state criminal charges. Because Defendant pled guilty pursuant to the *Alford* doctrine, without admitting that he committed the underlying offenses, he contends that the Court should not rely solely on the fact of this conviction, which he acknowledges, without holding a hearing or considering additional evidence, as a basis for finding that he violated the terms of his supervised release. Both parties have now submitted briefing on this issue and the transcript from the state court proceeding has been submitted. For the reasons that follow, the Court finds that Mr. Lilly has violated the term of his supervised release that he not commit any state criminal offense and that no hearing or supplemental evidentiary submission is required.

**I.     Background**

On October 7, 2005, the Court sentenced Mr. Lilly to 87 months' imprisonment and a term of 36 months of supervised release following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Judgment

[Doc. # 39].)  As a standard condition of his supervised release, Defendant was ordered not to commit another federal, state, or local crime.

On September 11, 2013, the Probation Department petitioned the Court to revoke Mr. Lilly's supervised release following his arrest by the Hamden Police Department for firing a weapon outside of a pizza restaurant.  On April 15, 2014, Mr. Lilly pled guilty in the Superior Court of Connecticut to attempted first-degree Assault, Conn. Gen. Stat. §§ 53a-59(a)(5) and 53a-49; Criminal Possession of a Firearm, Conn. Gen. Stat. § 53a-217; and first-degree Reckless Endangerment, Conn. Gen. Stat. § 53a-63. On the attempted assault charge, Lilly was sentenced to be incarcerated for 12 years with execution suspended after 66 months and probation for three years; on the firearms charge, he was sentenced to a concurrent term of imprisonment of four years; and on the reckless endangerment charge he was sentenced to a concurrent year of incarceration.

At the plea hearing, the prosecutor summarized the evidence against Mr. Lilly, which consisted of a surveillance video that appeared to show Mr. Lilly at the scene of the shooting and the testimony of two informants who identified Mr. Lilly.  After Mr. Lilly was arrested, he reportedly admitted to the police that he was pictured in the surveillance footage and claimed that he was "handed the gun and that someone was shooting at him and he returned fire."  (*State of Connecticut v. David Lilly*, NNH-CR13-275366, Plea and Sentencing Hr.'g Tr., Ex. 1 to Gov.'t's Mem. Opp'n [Doc. # 75] at 5.)  Mr. Lilly did not directly respond to these allegations at his plea hearing and when he was later asked if he had anything to say, Mr. Lilly told the court, "I'm not saying that, I mean, everything that was said against me is true and I'm not saying that it's not true.  I mean, yes, I was there

and, you know what I mean, I just want to apologize to the Court for my actions." (*Id.* at 12.)

II. **Discussion**

Under Connecticut law, "an *Alford* plea, though not an admission of guilt, constitutes an acknowledgment 'that the state's evidence against [the defendant] is so strong that he is prepared to accept the entry of a guilty plea'" and thus the "acceptance of an *Alford* plea represents a conclusion on the part of the court and the defendant himself that the evidence of guilt is so strong that a jury is likely to find the defendant guilty beyond a reasonable doubt."[1] *United States v. Glenn*, 744 F.3d 845, 848 (2d Cir. 2014) (quoting *State v. Faraday*, 268 Conn. 174, 206 (2004)).

Defendant acknowledges that the Court has discretion to find that he violated his supervised release on the basis of his *Alford* plea alone, but maintains that the Court should "instead . . . require more of a factual foundation before it finds, if indeed it can, that a preponderance of the evidence establishes that he in fact committed state criminal offenses." (Def.'s Mem. Supp. [Doc. # 74] at 2.)

The Second Circuit recently addressed a district court's discretion to find a violation of a defendant's supervised release based on an *Alford* plea to Connecticut state charges, holding that "[b]ecause an *Alford* plea, under Connecticut law, constitutes an acknowledgment of the strength of the state's evidence," a court does "not abuse its

---

[1] "Under *North Carolina v. Alford,* 400 U.S. 25 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial." *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (internal quotation marks and alterations omitted).

discretion in concluding, by a preponderance of the evidence, that" on this basis alone the defendant has "committed another offense in violation of the conditions of his supervised release." *Glenn*, 744 F.3d at 847. Because such a plea "is constitutionally sufficient to permit entry of a judgment of guilt," the Second Circuit concluded that "a later court does not abuse its discretion by relying on such a plea to determine by a preponderance of the evidence that the defendant committed the charged offense." *Id.*

When Defendant filed his sentencing memorandum after the April 28, 2014 hearing, the parties did not yet have the transcript from the state court plea hearing available to them. As discussed above, the Government has now obtained this transcript, which outlines the considerable evidence against Mr. Lilly, including surveillance footage and witness testimony showing his involvement in the shooting. While *Glenn* does not require a district court to consult the transcript of the underlying state proceeding in order to find a violation of supervised release, under the circumstances of this case, by reviewing this transcript, the Court can readily conclude by a preponderance of the evidence that Mr. Lilly has violated the terms of his supervised release by committing a state crime and that no evidentiary hearing is required.[2]

---

[2] Although Defendant references an evidentiary hearing, he does not explicitly request that the Court conduct such a hearing and only "urges the Court to rule that the conviction itself, without more, does not provide a sufficient basis for a finding that he violated the conditions of supervised release." (Def.'s Mem. Supp. at 4.) Because the Court has considered the transcript from his state proceeding in reaching this conclusion, it has, as Defendant requests, relied upon more than the fact of the conviction itself.

### III.     Conclusion

For the reasons set forth above, the Court concludes that Defendant has violated the terms of his supervised release and will schedule a sentencing hearing.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of August, 2014.